Estate of Josephine S. Barnard, Deceased, City Bank Farmers Trust Company, Executor v. Commissioner.
Estate of Josephine S. Barnard v. Commissioner
Docket No. 9180.
United States Tax Court
1947 Tax Ct. Memo LEXIS 91; 6 T.C.M. (CCH) 1034; T.C.M. (RIA) 47257; September 18, 1947
*91 BLACK
Order Denying Motion for Rehearing and Reconsideration BLACK, Judge: For reasons stated in the memorandum to accompany this order, petitioner's motion for rehearing and reconsideration filed herein August 13, 1947, is hereby denied. Memorandum To Accompany Order Denying Motion for Rehearing, Further Hearing or Reconsideration BLACK, Judge: On July 16, 1947 [, this Court promulgated its opinion in this proceeding and directed that decision be entered under Rule 50. On August 13, 1947, petitioner filed its motion for rehearing, further hearing or reconsideration of that part of the Court's opinion which holds that the petitioner is liable for gift tax with respect to the $50,000 transferred by the decedent on or about October 25, 1943, to a pre-existing irrevocable trust of which Henry H. Barnard is the life beneficiary. Petitioner attached to its said motion a memorandum containing arguments and cited authorities in support thereof. All of this has been carefully read and considered but it is not believed that said motion should be granted. The arguments made in petitioner's memorandum do not impress us as being different in substance than *92 those made by petitioner in its brief and reply brief. These were fully considered by us in arriving at our decision embodied in the opinion of July 16, 1947. Our decision as to the payment of $50,000 made by Mrs. Barnard to the trust on October 25, 1943 was stated in our opinion as follows: "Petitioner in its reply brief contends that this Court must infer from the stipulated facts 'that the transfer of the $50,000 to the pre-existing trust was part and parcel of the entire separation agreement between the parties and that it was part of the price paid by Mrs. Barnard for the relinquishment by Mr. Barnard of all of his rights in her estate.' We do not feel justified in making such an inference. There was no reference whatsoever made in the written separation agreement entered into on August 12, 1943, concerning the possible transfer of $50,000 to the pre-existing trust. There is no evidence that the Nevada court knew anything about this possible transfer that the parties had orally agreed would be made 'when and if' the divorce was granted. That court in its decree referred only to the written separation agreement as 'settling the property rights of the plaintiff and the defendant, *93 and all matters concerning the care, custody and control of the minor children of said parties' and the said agreement was by that court 'ratified, adopted and approved in all respects' and 'declared to be fair, just and equitable to the plaintiff, to the defendant, and to the said minor children.' The transfer to the trust on or about October 25, 1943, was something over and above what the divorce court declared to be fair, just and equitable. If there was a consideration for the transfer of the $50,000 to the trust there is no direct or explicit statement in the record of what that consideration consisted. The respondent has determined that the transfer was a taxable gift. It was incumbent upon the petitioner to overcome that determination by a showing that Mrs. Barnard received 'an adequate and full consideration in money or money's worth' for the transfer. This we think petitioner has failed to do and we must, therefore, sustain the respondent's determination as to this transfer. * * *" Since our opinion was promulgated July 16, 1947, the Second Circuit has decided , affirming . There is nothing *94 in that decision, as we construe it, which would change our decision as to the $50,000 transferred by Mrs. Barnard to the trust on October 25, 1943. The gist of that opinion, we think, is found in the concluding paragraph thereof which says: "* * * Where, as here, there was the discharge of a money judgment which, had it remained unpaid until it became a debt against the respondent's estate, would have been allowed as a deductible claim in computing an estate tax, the transfer which discharged that debt during the respondent's life is not taxable as a gift. On the contrary it was the payment of a liquidated debt created by the judgment and the discharge thereby of the respondent's obligation to pay that debt was an adequate and full consideration in money or money's worth for the transfer." As we pointed out in our opinion the payment of the $50,000 here in question was not a part of the court's decree granting Mrs. Barnard a divorce and approving the property settlement which had been embodied in the written separation agreement. It is nowhere mentioned in the decree and there is no reason to believe or infer that the court knew anything about it whatever. We think petitioner's *95 motion for rehearing and reconsideration should be denied. An order will be entered to that effect.